[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2007
THOMAS K. KAHN
CLERK

No. 06-15051
Non-Argument Calendar
_____

D. C. Docket No. 06-00131-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER REYES,

Defendant-Appellant.

_____

No. 06-15070
Non-Argument Calendar
_____

D. C. Docket No. 06-00131-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SOTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(May 23, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Francisco Javier Reyes and Jose Soto were jointly charged with conspiracy to possess with intent to distribute and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States

jurisdiction in violation of 46 U.S.C. App. § 1903(a), (g), and (j),[1] 21 U.S.C.

§ 960(b)(1)(B)(ii), and 18 U.S.C. § 2.  Reyes contends the district court erred by

denying him a minor-role reduction.  Both Reyes and Soto contend their sentences

are greater than necessary and, therefore, unreasonable.  We address each issue in

turn, and affirm Reyes's and Soto's sentences.

## I.

A minor participant is one "who is less culpable than most other participants,

but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, comment.

(n.5).  Under the first prong of determining a defendant's role in the offense, the

district court must "measure the defendant's role against [his] relevant conduct."

*United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).

Although analysis under this first prong may be dispositive in the court's

determination of the defendant's role, under the second prong, the district court

may measure the defendant's culpability in comparison to that of other participants

in the relevant conduct attributed to the defendant.  *Id*. at 945.

The district court did not commit clear error in denying a minor-role

reduction to Reyes.  *See id*. at 938 (holding we review the district court's

_____

[1]  The appendix to Title 46 containing the subject provision was repealed effective
October 6, 2006, and reenacted as 46 U.S.C. §§ 70503 and 70506 with no relevant changes.
*See* Pub. L. No. 109-304, 120 Stat. 1485.

3

determination of a defendant's role in the offense for clear error). Under the first prong, because Reyes's relevant conduct was possessing with intent to distribute cocaine, he had to establish that he was a minor participant with respect to that relevant conduct. *See id.* at 941. Reyes was held accountable for transporting cocaine. His relevant conduct was identical to his actual conduct. Furthermore, Reyes was held accountable for a large amount of drugs, over 2,000 kilograms, and this alone could preclude him from receiving a minor role adjustment. *See id.* at 943 ("Therefore, we reaffirm that amount of drugs is a relevant factor and recognize that under some circumstances it may be dispositive.").

The second prong further precludes a minor role adjustment. Reyes's argument that his role should be compared to others in a larger conspiracy is meritless because details concerning these others are not discernible from the PSI or any evidence and are not part of the relevant conduct for which Reyes was convicted. *See id.* at 944 ("First, the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence. . . . Second, the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant."). With respect to the other participants in the relevant conduct, they were all part of the same conspiracy and held accountable for the same amount of drugs. Even assuming the third crewman

4

and captain had more knowledge or responsibility than Reyes, this did not necessarily entitle him to a role reduction. *See id.* at 944 ("The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants."). Thus, Reyes was not less culpable than most other participants in the conspiracy and the district court's denial of a role reduction was not clearly erroneous.

## II.

When reviewing a sentence imposed by the district court, we must first ensure the district court correctly calculated the Guidelines range. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). The district court correctly calculated both Reyes's and Soto's Guidelines ranges.

Next, we review the sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 1246. A sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or other treatment. 18 U.S.C. § 3553(a)(2). Furthermore, under § 3553(a), a court should consider, *inter alia*, the nature and circumstances of the

offense and the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines, and the need to avoid unwarranted sentencing disparities between similar defendants.  The district court does not need to explicitly consider every factor from § 3553(a) on the record.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

With regard to Reyes, the district court's statements at sentencing indicate it considered several of the factors.  Specifically, the court expressly stated it had considered (1) the nature and circumstances of the offense, (2) the need to reflect the seriousness of the offense, and (3) the need for deterrence in order to protect the public.

With regard to Soto, the district court also considered several of the § 3553(a) factors.  Considering the nature and circumstances of the offense, the district court noted the large quantity of drugs involved.  Furthermore, Soto presented arguments regarding his past and his family situation, demonstrating the court also considered his history and characteristics.  With regard to the disparity between Soto's sentence and the third crewman, that crewman provided assistance to the Government warranting a downward departure.  Although Soto argues that he should have received a similar sentence, he does not contend he was entitled to

a departure based on his assistance. Therefore, the disparity was warranted. *See* 18 U.S.C. § 3553(a)(6).

Furthermore, the statutory maximum for Reyes and Soto was life imprisonment. *See* 21 U.S.C. § 960(b)(1)(B)(ii). Reyes's sentence of 135 months' imprisonment and Soto's sentence of 168 months' imprisonment are below the statutory maximum. *See Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing the sentence imposed to the statutory maximum in determining its reasonableness). Additionally, both Reyes and Soto were sentenced at the low end of the advisory Guidelines range. While this does not make the sentence *per se* reasonable, it is an indication of reasonableness. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The district court accurately calculated the Guidelines range, considered the § 3553(a) factors, and sentenced well below the statutory maximum and at the low end of the advisory Guidelines range. We conclude both Reyes's and Soto's sentences are reasonable.

**AFFIRMED.**